IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GPSC CHARTERS, LTD., et al.      :      CIVIL ACTION
                                 :
                                 :
          v.                     :
                                 :
FIREMAN'S FUND INSURANCE         :      NO. 06-1982
COMPANIES

MEMORANDUM

Bartle, C.J.                                    June 30, 2006

          Plaintiffs GPSC Charters, Ltd. ("GPSC"), George

Tsirikos ("Tsirikos"), and Virginia Heyer ("Heyer") have sued

their insurer, defendant Fireman's Fund Insurance Companies

("Fireman's Fund").  Subject matter jurisdiction is based on

diversity of citizenship.  Plaintiffs allege breach of contract

and bad faith under 42 Pa. Cons. Stat. Ann. § 8371 and seek

declaratory relief because of defendant's failure to defend and

indemnify them in connection with two underlying lawsuits brought

against plaintiffs by the Commonwealth of Pennsylvania.  Before

the court is the motion of Fireman's Fund to dismiss the

complaint for failure to state a claim pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.[1]

          In considering a motion to dismiss under Rule 12(b)(6),

we accept all well-pleaded facts in the complaint as true and may

consider exhibits attached to the complaint.  In re Rockefeller

---

1.  On June 13, 2006 we granted the unopposed motion of defendant
Connecticut Indemnity Company to dismiss the complaint.

Ctr. Prop., Inc. Secs. Litig., 311 F.3d 198, 215 (3d Cir. 2002);
Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998
F.2d 1192, 1196 (3d Cir. 1993).  Additionally, we may consider
matters of public record and undisputedly authentic documents.
Pension Benefit, 998 F.2d at 1196.  A complaint is properly
dismissed only if "it appears that the plaintiff can prove no set
of facts in support of his claim which would entitle him to
relief."  Conley v. Gibson, 355 U.S. 41, 46-47 (1957).

        GPSC is a defunct travel agency that marketed and
arranged sailing vacations to Europe for its clients.  Tsirikos
and Heyer are principals and owners of GPSC.  In or around July
2003, plaintiffs arranged for some of their clients to sail to
Greece through a company called Destinations Greece.  After
accepting the clients' deposit monies, Destinations Greece
refused to provide sailing trips or refund the payments.  In
August 2003, after both clients and creditors demanded money from
GPSC and threatened litigation, it was forced to cease
operations.

        The Commonwealth of Pennsylvania, acting through its
Bureau of Consumer Protection, filed two lawsuits in the
Commonwealth Court against the plaintiffs for violations of
Pennsylvania's Unfair Trade Practices and Consumer Protection
Law, 73 Pa. Stat. Ann. § 201-1 et seq. ("UTPCPL").  Commonwealth
v. GPSC Charters, Ltd. (Pa. Commw. Ct. Oct. 24, 2003);
Commonwealth v. GPSC Charters, Ltd. (Pa. Commw. Ct. Mar. 8,

2004).[2]  Plaintiffs were insured under a commercial general
liability insurance policy (the "Policy") issued by Fireman's
Fund and submitted a claim for defense and indemnification.  On
February 18, 2004 Fireman's Fund informed plaintiffs by letter
that coverage was being denied.  Thereafter, plaintiffs filed
this action against Fireman's Fund in the Court of Common Pleas
of Philadelphia County.  It was timely removed to this court on
May 9, 2006.

        In its motion to dismiss, Fireman's Fund argues that it
is not required under the Policy to defend or indemnify the
plaintiffs in connection with the underlying lawsuits.  For an
insurer to be obligated to defend or indemnify an insured in
connection with a lawsuit, the allegations in the complaint
against the insured must potentially come within the coverage of
the insurance policy.  Erie Ins. Exch. v. Transamerica Ins. Co.,
533 A.2d 1363, 1368 (Pa. 1987).  Thus, we must compare the
language in the underlying complaints with the terms of the
Policy.

        The underlying complaints against plaintiffs allege
that the plaintiffs violated the UTPCPL by, inter alia, "causing
likelihood of confusion or of misunderstanding as to the source,
sponsorship, approval or certification of goods or services,"
"representing that goods or services have sponsorship, approval,
characteristics, ingredients, uses, benefits or quantities that

---

2.  The copies of the underlying complaints which have been
supplied do not contain the case numbers.

-3-

they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have," "causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another," and "representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another."

In defining the scope of liability coverage, the Policy issued by Fireman's Fund to plaintiffs provides, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies.  We will have the right and duty to defend any suit actually seeking those damages.

(Compl. Ex. 2 § II, ¶ G(1)(a) at 21).

The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."  (Compl. Ex. 2 § III, ¶ 4 at 33).  "Property damage" means "[p]hysical injury to tangible property, including all resulting loss of use of that property," and "[l]oss of use of tangible property that is not physically injured, but which arises out of physical injury caused by an occurrence to other tangible property."  (Compl. Ex. 2 § III, ¶ 20 at 36) (emphasis omitted).

"Personal injury" is defined as:

> injury, other than bodily injury, arising out of one or more of the following offenses:

-4-

> (a) False arrest, detention or imprisonment;
> (b) Malicious prosecution;
> (c) The actual wrongful eviction from, actual wrongful entry into, or actual invasion of the right of private occupancy of a room, dwelling or premises that a person legally occupies;
> (d) Oral or written publication of material that slanders or libels a person or organization; or
> (e) Oral or written publication of material that violates a person's right of privacy.

(Compl. Ex. 2 § III, ¶ 17 at 36) (emphasis omitted).

> "Advertising injury" means
>
> injury arising out of one or more of the following offenses:
> (a) Oral or written publication of material that slanders or libels a person or organization;
> (b) Oral or written publication of material that violates a person's right of privacy;
> (c) Misappropriation of advertising ideas or advertising style; or
> (d) Infringement of copyright, title or slogan.

(Compl. Ex. 2 § III, ¶ 2 at 33) (emphasis omitted).

The underlying complaints against plaintiffs do not assert any of the covered liabilities. They essentially allege that the plaintiffs violated the UTPCPL by engaging in unfair practices in the conduct of their trade. The Commonwealth does not seek to hold plaintiffs liable for any bodily injury, property damage, or personal injury as those terms are defined in the Policy. Moreover, the advertising related violations alleged in the underlying complaints do not amount to an "advertising injury" as that term is described in the Policy. To be covered under the Policy, the advertising injury must arise out of any of

the four specifically listed offenses, which can be generally characterized as defamation, invasion of privacy, misappropriation, and infringement.  Violation of the UTPCPL does not qualify as any of these offenses.

Because the allegations in the underlying complaints do not even potentially come within the terms of the Policy, Fireman's Fund has no duty to defend or indemnify, and the action will be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GPSC CHARTERS, LTD, et al.        :        CIVIL ACTION
                                  :
                                  :
          v.                      :
                                  :
FIREMAN'S FUND INSURANCE          :        NO. 06-1982
COMPANIES


ORDER

AND NOW, this      day of June, 2006, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that the motion of defendant Fireman's Fund Insurance Companies
to dismiss the complaint is GRANTED.

BY THE COURT:


/s/ Harvey Bartle, III
                                                    C.J.